UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TITUS CURTIS WILLIS,

        Petitioner,         Case Number 09-11945
                                           Honorable David M. Lawson

v.

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on May 21, 2009. On February 27, 2013,, the Court entered an opinion and order denying the petition, determining that the petitioner was not deprived of his Sixth Amendment rights to a speedy trial and the effective assistance of trial counsel. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of*

*Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could debate whether the petitioner was deprived of the effective assistance of trial counsel. Therefore, the Court will grant a certificate of appealability on that issue. However, the Court finds that reasonable jurists could not debate the resolution of the petitioner's speedy trial claim. Therefore, the Court will deny a certificate of appealability on that claim.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that he was denied the effective assistance of trial counsel.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to the petitioner's speedy trial claim.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 4, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL